IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY

| | |
|---|---|
| KATIE COOPER, )<br>)<br>On Behalf of Herself and )<br>All Others Similarly Situated, )<br>)<br>     Plaintiffs, )<br>v. )<br>)<br>FAMILY HEALTH MEDICAL GROUP )<br>OF OVERLAND PARK, LLC, )<br>Registered Agent: )<br>STK Registered Agent, Inc. )<br>6201 College Blvd., Ste. 500 )<br>Overland Park, Kansas, 66211, )<br>)<br>  And )<br>)<br>HCA MIDWEST HEALTH SYSTEM, INC. )<br>d/b/a HCA MIDWEST )<br>Registered Agent: )<br>STK Registered Agent, Inc. )<br>6201 College Blvd., Ste. 500 )<br>Overland Park, Kansas, 66211, )<br>)<br>     Defendants. ) | Case No. 13-cv-2034 JTM/KMH<br><br>**Jury Demanded** |

## COMPLAINT

**COME NOW** the Plaintiffs, Katie Cooper, and all other individuals similarly situated, by and through their attorneys of record, and hereby set forth, collectively, their causes of action against Defendants, under § 216(b) of the Fair Labor Standards Act ("FLSA") for violations of the FLSA; and for relief in *quantum meruit*. In support thereof, the Plaintiffs assert and state as follows:

### PRELIMINARY STATEMENT

1. Plaintiff and others similarly situated bring this action against Defendants Family Health Medical Group of Overland Park, LLC (hereinafter, "Family Health"), and HCA

Midwest Health System (hereinafter, "HCA Midwest"), for unpaid wages, and related penalties and damages.

2. Defendants' practices and policies have resulted in Defendants willfully failing to properly pay straight time and overtime due and owing to Plaintiff and all other similarly situated employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

3. Further, Defendants have received the benefits of the work of the Plaintiff and others similarly situated, and failed to compensate them for the reasonable value of these services.

4. Defendant Family Health is a Kansas Limited Liability Company, registered to do business in Kansas, with a registered agent, STK Registered Agent, Inc., 6201 College Boulevard, Suite 500, Overland Park, Johnson County, Kansas, 66211, with an office at all times pertinent hereto, at 12330 Metcalf, Suite 600, Overland Park, Johnson County, Kansas, 66213.

5. Defendant HCA Midwest is a foreign corporation, registered to do business in Kansas, with a registered agent, STK Registered Agent, Inc., 6201 College Boulevard, Suite 500, Overland Park, Johnson County, Kansas; HCA Midwest, upon information and belief, is the parent company of Family Health.

6. Plaintiff and other similarly situated employees of Defendants are unable to adequately perform their jobs without arriving at work between 15 and 30 minutes before each shift, nor leaving after each shift has ended for a considerable period of time, in some cases, up to 4 hours. Such policies and practices of Defendants have resulted in Defendants' failure to pay their hourly employees for all of their time worked and for overtime wages due, in violation of FLSA, in breach of their employment contracts, and resulting in the

      Defendants benefiting from the services provided by the Plaintiff and others similarly situated, for which they were and continue to be uncompensated.

7. Defendants have failed to pay wages and overtime to their hourly employees by failing to pay them for all of their compensable time in violation of the FLSA. Plaintiff and others similarly situated seek compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by Defendants; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

8. Defendant Family Health, as previously stated, is a Kansas Limited Liability Company, registered to do business in Kansas, with a registered agent, STK Registered Agent, Inc., 6201 College Boulevard, Suite 500, Overland Park, Johnson County, Kansas, 66211, with an office at all times pertinent hereto, at 12330 Metcalf, Suite 600, Overland Park, Johnson County, Kansas, 66213.

9. Defendant HCA Midwest, as previously stated is a foreign corporation, registered to do business in Kansas, with a registered agent, STK Registered Agent, Inc., 6201 College Boulevard, Suite 500, Overland Park, Johnson County, Kansas; HCA Midwest, upon information and belief, is the parent company of Family Health.

10. Named Plaintiff Katie Cooper resides at 7832 Kessler Lane, Overland Park, Johnson County, Kansas, 66204.

11. For all times relevant herein, Named Plaintiff, was employed as an hourly employee of the Defendants at 12330 Metcalf, Suite 600. Plaintiff and all others similarly situated, for the purposes of this action, also have performed work as hourly employees of Defendants at that location.

## JURISDICTION AND VENUE

12. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

13. The United States District Court for the District of Kansas has personal jurisdiction because Defendants conduct business in Johnson County, Kansas, located within this District.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants have offices, conduct business and can be found in the District of Kansas, and the causes of action set forth herein have arisen and occurred in substantial part in the District of Kansas. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts within District of Kansas.

15. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the *quantum meruit* claims as these pendant claims arose out of the same nucleus of operative facts as the FLSA claims. Addressing all such claims in this judicial proceeding will provide judicial economy, fairness and convenience for the parties and will not create unmanageable confusion to a jury. The liability evidence will substantially overlap as to all causes of action, and no single cause of action will improperly predominate.

## COUNT I – FLSA CLAIMS

16. Plaintiff hereby incorporates by reference all allegations set forth above as if fully asserted herein.

17. While employed by Defendants, Plaintiff performed work as an hourly employee at Defendants' Overland Park office.

18. During the Plaintiff's employment with the Defendants, the Defendants employed numerous other individuals, at the Overland Park office, who had similar responsibilities

to the Plaintiff, and whose compensation structure was similar to the Plaintiff's, and who were also subject to Defendants' "arrive early/leave late" shift policy.

19. Plaintiff brings her FLSA claim as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, on behalf of herself and all persons who were, are, or will be employed by the Defendants as hourly employees within three years from the commencement of this action who have not been compensated for all straight time and overtime premiums for all hours for which they suffered or were permitted to work.

20. Plaintiff and the putative plaintiffs are similarly situated in that they have been subjected to Defendants' common practices or policies of refusing to pay straight time and overtime for all hours worked in violation of the FLSA.

21. The names and addresses of the putative plaintiffs are available from the Defendants. To the extent required by law, Plaintiff will seek notice to be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in collective FLSA actions.

22. The FLSA requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

23. At all relevant times, the Defendants' policies are such that in order for them to get their work done, all employees must arrive at work up to one half hour prior to the beginning of each shift, and leave up to 4 hours after each shift, resulting in the Defendants' failure to pay their employees at least one hour per day, per employee, as required by FLSA.

24. More generally, the Defendants have failed to compensate Plaintiff and all other similarly situated employees for all hours worked, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.*

25. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. Plaintiff, on behalf of herself and all similarly situated employees of Defendants, seeks damages in the amount of all respective unpaid straight time with overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

27. Plaintiff, on behalf of herself and all similarly situated employees of Defendants, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed members of the FLSA representative action, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. § 216(b);

b. Designation of Plaintiff Katie Cooper as a Representative Plaintiff of the putative members of the FLSA collective action;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

d. An award of damages for straight time and overtime compensation due for the Plaintiff and the putative members of the collective actions, including liquidated damages, to be paid by Defendants;

e. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II    - QUANTUM MERUIT

28. Plaintiff hereby incorporates by reference all allegations set forth above as if fully asserted herein.

29. At Defendants' request, Plaintiff and other similarly situated employees provided services in the form of work for Defendants. These services had reasonable value and were performed at an hourly rate.

30. Plaintiff and other similarly situated employees regularly worked off the clock, both before and after their recorded shifts, without being compensated for this time.

31. Defendants failed to compensate Plaintiff and other similarly situated employees the reasonable value of these services performed on Defendants' behalf.

WHEREFORE, Plaintiff, individually, and on behalf of other individuals similarly situated, whom she represents, prays for judgment, in *quantum meruit*, against Defendants; for an award of compensatory damages, and for such other orders and further relief, including an award of costs and attorneys' fees, as this Court deems just and equitable.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all claims and issues triable by jury.

## Designated Place of Trial

Plaintiffs hereby designate Kansas City Kansas as the place of trial.

>Respectfully submitted,
>
>LAW OFFICE OF PHILLIP M. MURPHY, II
>
>
>_____/s/___*Phillip M. Murphy II*_____
>Phillip M. Murphy, II MO #23770
>4400 College Boulevard, Suite 190
>Overland Park, KS  66211
>(p)  913-661-2900
>(f)  913-904-1348
>Phillip@phillipmurphylaw.com
>**ATTORNEY FOR PLAINTIFF**